F I L E

APR 1 8 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF VIRGINIA

### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11cr14 |
| | ) | |
| PROVIDENT CAPITAL INDEMNITY, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(b) of the Federal Rules of Criminal Procedure, the United

States of America, by and through the United States Attorney's Office for the Eastern District of

Virginia and the Fraud Section of the Criminal Division of the United States Department of

Justice, the defendant, PROVIDENT CAPITAL INDEMNITY, LTD., by and through its retained

counsel hereby submit and enter into this Plea Agreement ("Agreement"). The terms of the

Agreement are as follows:

1.      **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count One of the Superseding Indictment

charging the defendant with Mail and Wire Fraud Conspiracy, in violation of Title 18, United

States Code, Section 1349. The penalties for this offense applicable to an organization are a

minimum term of probation of one year, a maximum term of probation of five years, a maximum

fine of $500,000 or not more than the greater of twice the gross gain derived from any person

from the offense or twice the gross loss to a person other than the defendant resulting from the

offense, forfeiture, full restitution, and a special assessment.

1

2.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3.    **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.    **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States agrees not to oppose the defendant's request – which is not binding on the Court – that an application of the Sentencing Guidelines yields the following analysis:

a.  Pursuant to U.S.S.G. § 8C2.2, a determination of the guideline fine range is unnecessary because it is readily ascertainable that the defendant cannot and is not likely to become able (even on an installment schedule) to pay the full restitution required under U.S.S.G. § 8B1.1.

b.  Pursuant to U.S.S.G. § 8C3.3, no fine should be imposed because imposition of a fine would impair the defendant's ability to make restitution to its victims.

3

5.    **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a

defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly

waives the right to appeal the conviction and any sentence within the statutory maximum

described above (or the manner in which that sentence was determined) on the grounds set forth

in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the

concessions made by the United States in this plea agreement.  This agreement does not affect

the rights or obligations of the United States as set forth in Title 18, United States Code, Section

3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, Title 5, United States

Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6.    **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of four hundred dollars ($400.00) per count of conviction.

7.    **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code,

Section 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States as provided for in

Section 3613.  Furthermore, the defendant agrees to provide all of his financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing

4

debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

**8.   Restitution**

Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses which includes all victims of the defendant's conduct as described in the Superseding Indictment and Statement of Facts filed in this matter. The defendant also agrees that restitution is due to victims of an offense listed in Title 18, United States Code, Section 3663A(c)(1)(A) that is not the offense of conviction but nonetheless gave rise to this plea agreement.

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

**9.   Immunity from Further Prosecution in this District**

The United States Attorney's Office for the Eastern District of Virginia and the Fraud Section will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Superseding Indictment or Statement of Facts.

5

**10.     Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the Superseding Indictment against this defendant.

**11.     Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a.    The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

    b.    The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

    c.    The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

    d.    The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

    e.    The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

6

such violation in evaluating whether to file a motion for a downward

departure or reduction of sentence.

    f.     Nothing in this agreement places any obligation on the government to seek

the defendant's cooperation or assistance.

**12.    Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this

agreement in any criminal prosecution against the defendant in the Eastern District of Virginia,

except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting,

a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to

U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will

be used in determining the applicable guideline range, except as provided in section 1B1.8(b).

Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to

information and records in the possession of the United States. Furthermore, nothing in this

agreement prevents the government in any way from prosecuting the defendant should the

defendant knowingly provide false, untruthful, or perjurious information or testimony, or from

using information provided by the defendant in furtherance of any forfeiture action, whether

criminal or civil, administrative or judicial. The United States will bring this plea agreement and

the full extent of the defendant's cooperation to the attention of other prosecuting offices if

requested.

**13.    Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any

individual. This plea agreement is not conditioned upon any outcome in any pending

investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 14.    Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 15.    Forfeiture Agreement

The defendant agrees to forfeit all interests in any fraud related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

8

16.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

17.    **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest.  The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.

18.    **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit

any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.  The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence.  The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.  The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.  Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be

10

excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or

federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an

appropriate proceeding at which the defendant's disclosures and documentary evidence shall be

admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence. The proceeding established by this paragraph

does not apply, however, to the decision of the United States whether to file a motion based on

"substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal

Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The

defendant agrees that the decision whether to file such a motion rests in the sole discretion of the

United States.

### 19.   Nature of the Agreement and Modifications

This written agreement and the accompanying addendum constitute the complete plea

agreement between the United States, the defendant, and the defendant's counsel. The defendant

and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreements reached, other than those set forth in writing in this plea agreement, to cause the

defendant to plead guilty. Any modification of this plea agreement shall be valid only as set

forth in writing in a supplemental or revised plea agreement signed by all parties.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

DENIS J. McINERNEY
CHIEF, FRAUD SECTION

By: _____

Michael S. Dry
Jessica Aber Brumberg
Assistant United States Attorneys
Eastern District of Virginia

By: _____

Albert B. Stieglitz, Jr.
Trial Attorney, Fraud Section
Department of Justice

Defendant's Signature: I am the court-appointed receiver in the Securities and Exchange

Commission ("SEC") enforcement action styled *SEC v. Provident Capital Indemnity Ltd, et al.*,

3:11-cv-00045-JAGVAED, (E.D. Va.) and authorized by the order of appointment to act on

behalf of Provident Capital Indemnity Ltd. *See* Plea Agreement Addendum.  I hereby agree that

on behalf of Provident Capital Indemnity, Ltd., I have consulted with my attorney and fully

understand all rights with respect to the pending Superseding Indictment.  Further, I fully

understand all rights with respect to Title 18, United States Code, Section 3553 and the

provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea

agreement and carefully reviewed every part of it with my attorney.  I understand this agreement

and on behalf of Provident Capital Indemnity Ltd., I voluntarily agree to it.

Date: _____

_____

Richard B. Roper III, Esq.
Court-Appointed Receiver
for Provident Capital Indemnity, Ltd.

I

| | |
|---|---|
| NEIL H. MACBRIDE<br>UNITED STATES ATTORNEY | DENIS J. McINERNEY<br>CHIEF, FRAUD SECTION |

By: _____          By: _____

Michael S. Dry                                           Albert B. Stieglitz, Jr.
Jessica Aber Brumberg                               Trial Attorney, Fraud Section
Assistant United States Attorneys             Department of Justice
Eastern District of Virginia


<u>Defendant's Signature</u>: I am the court-appointed receiver in the Securities and Exchange

Commission ("SEC") enforcement action styled *SEC v. Provident Capital Indemnity Ltd, et al.*,

3:11-cv-00045-JAGVAED, (E.D. Va.) and authorized by the order of appointment to act on

behalf of Provident Capital Indemnity Ltd. *See* Plea Agreement Addendum.  I hereby agree that

on behalf of Provident Capital Indemnity, Ltd., I have consulted with my attorney and fully

understand all rights with respect to the pending Superseding Indictment.  Further, I fully

understand all rights with respect to Title 18, United States Code, Section 3553 and the

provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea

agreement and carefully reviewed every part of it with my attorney.  I understand this agreement

and on behalf of Provident Capital Indemnity Ltd., I voluntarily agree to it.


Date: 4-18-12                                      _____

Richard B. Roper III, Esq.
Court-Appointed Receiver
for Provident Capital Indemnity, Ltd.


12



RECEIVED
APR 19 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

<u>Defense Counsel Signature</u>: I am counsel for the Court-Appointed Receiver in this case. I have fully explained to Richard B. Roper III, Esq., Court-Appointed Receiver of Provident Capital Indemnity, Ltd.'s, Provident Capital Indemnity Ltd.'s rights with respect to the pending Superseding Indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to Mr. Roper the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, Mr. Roper's decision to enter into this agreement on behalf of Provident Capital Indemnity, Ltd. is an informed and voluntary one.

Date: 4/18/12

John B. Russell, Jr. Esq.
Counsel for Provident Capital Indemnity Ltd.'s
through the Court-Appointed Receiver, Richard B. Roper

13

**U. S. DEPARTMENT OF JUSTICE**
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:11cr14 |
| DEFENDANT'S NAME: | Provident Capital Indemnity, Ltd. |
| PAY THIS AMOUNT: | $400 |

INSTRUCTIONS:

1.   **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
     *CLERK, U.S. DISTRICT COURT*

2.   **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3.   **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| Alexandria cases: | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| Richmond cases: | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 | |
| Newport News cases: | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 | |
| Norfolk cases: | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4.   **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5.   **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**