IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

```
┌─────────────────────────────┐
│ F  I   L   E │
│                             │
│        APR 1 8 ''           │
│                             │
│ CLERK, U.S. DISTRICT COURT  │
│        RICHMOND, VA         │
└─────────────────────────────┘
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11cr14 |
| | ) | |
| PROVIDENT CAPITAL INDEMNITY, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT ADDENDUM

1.    My name is Richard B. Roper, III, and I am the court-appointed receiver of assets of

Provident Capital Indemnity, Ltd. , Minor Vargas Calvo, and Jorge L. Castillo, in the Securities

and Exchange Commission ("SEC") enforcement action, styled *SEC v. Provident Capital*

*Indemnity Ltd, et al.,* 3:11-cv-00045-JAGVAED, (E.D. Va.).   *See* Order of Appointment signed

on January 21, 2011, Exhibit A, and order modify the order of appointment, signed on February

4, 2011, Exhibit B.

2.   In the original order of appointment, the court authorized me, among other things, to:

> Subject to the limitation set forth in Section XV, below, the Receiver shall have
> all powers, authorities, rights and privileges heretofore possessed by the officers,
> directors, managers and general and limited partners of the entity Receivership
> Defendant under applicable state and federal law, by the governing charters, by-
> laws, articles and/or agreements in addition to all powers and authority of a
> receiver at equity, and all powers conferred upon a receiver by the provisions of
> 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

> . . . .

> The Receiver shall assume and control the operation of the Receivership
> Defendant and shall pursue and preserve all of its claims.

> . . . .

The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership property-

To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendant;

To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate;

(Order of Appointment, Exhibit A, at 2-18). In addition, on April 10, 2012, the Court entered an order authorizing the Receiver to appear in and settle the criminal matter involving Provident Capital Indemnity, Ltd. See Order, attached as Exhibit C.

3. Under this authority and consideration of available evidence and other factors, I have determined that it is within the best interest of the estate for defendant Provident Capital Indemnity, Ltd. to plead guilty to Count One of the Superseding Indictment charging the defendant with Mail and Wire Fraud Conspiracy, in violation of Title 18, United States Code, Section 1349.

4. I hereby authorize, my counsel, John F. Russell, Jr. Esq. to appear in court in the

above-entitled and numbered cause and enter a guilty plea as noted above in Paragraph 3.



Date: _7-18 12_

_____
Richard B. Roper III, Esq.
Court-Appointed Receiver
for Provident Capital Indemnity, Ltd.

RECEIVED
APR 1 9 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Plea Agreement Addendum - Page 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PROVIDENT CAPITAL INDEMNITY, LTD.
MINOR VARGAS CALVO
JORGE L. CASTILLO

Defendants,

and

DESARROLLOS COMERCIALES RONIM, S.A.

Relief Defendant.

*3:11CV045(REP)*

---

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission ("SEC," "Commission" or "Plaintiff") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants ("Receivership Assets") and those assets of the Relief Defendant that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of the Defendants (collectively, the "Recoverable Assets"); and,

Exhibit A

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants: Provident Capital Indemnity, Ltd. (collectively, the "Receivership Defendant").

2.      Until further Order of this Court, Richard B. Roper, of Thompson & Knight, LLP, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201 is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendant.

### I.  Asset Freeze

3.      Except as otherwise specified herein, all Receivership Assets and Recoverable Assets are frozen until further order of this Court.  Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.  This freeze shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

### II.  General Powers and Duties of Receiver

4.      Subject to the limitation set forth in Section XV, below, the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendant under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition

to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

5.    The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendant are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Defendant's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendant and shall pursue and preserve all of its claims.

6.    No person holding or claiming any position of any sort with the Receivership Defendant shall possess any authority to act by or on behalf of the Receivership Defendant.

7.    Subject to the specific provisions in Sections III through XIV and to the limitation set forth in Section XV, below, the Receiver shall have the following general powers and duties:

    A.    To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendant, including, but not limited to, monies, funds, securities, insurance policies, assets of Joint Ventures, including the DMD joint venture, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendant owns, possesses, has a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estate");

    B.    To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendant; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

    C.    To manage, control, operate and maintain the Receivership Estate and hold in his or her possession, custody and control all Receivership Property, pending further Order of this Court;

    D.    To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging

his duties as Receiver, including making payments on insurance policies held by the Receivership Estate to keep them in force;

E.   To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendant;

F.   To engage and employ persons in his or her discretion to assist him or her in carrying out his or her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, experts or consultants in the handling and liquidation of life settlement insurance policies, real estate agents, forensic experts, brokers, traders or auctioneers;

G.   To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To retain counsel in foreign countries and/or to bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver, including actions seeking to naturalize the receivership in foreign countries;

J.   To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and,

K.   To take such other action as may be approved by this Court.

### III. Access to Information

8.   The Receivership Defendant and its past and/or present officers, directors, agents (including its Managing General Agent Desarrollos Comerciales Ronim), managers, general and limited partners, trustees, attorneys, accountants and employees, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendant and/or all Receivership Property; such information shall include but not be limited to books, records,

documents, accounts and all other instruments and papers.

9.     Within ten (10) days of the entry of this Order, the Receivership Defendant shall

file with the Court and serve upon the Receiver and the Commission a sworn statement, listing:

(a) the identity, location and estimated value of all Receivership Property; (b) all employees (and

job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of

the Receivership Defendant; and, (c) the names, addresses and amounts of claims of all known

creditors of the Receivership Defendant.

10.     Within thirty (30) days of the entry of this Order, the Receivership Defendant

shall file with the Court and serve upon the Receiver and the Commission a sworn statement and

accounting, with complete documentation, covering the period from January 1, 2004 to the

present:

A.     Of all Receivership Property, wherever located, held by or in the name of
the Receivership Defendant, or in which it, directly or indirectly, has or
had any beneficial interest, or over which it maintained or maintains
and/or exercised or exercises control, including, but not limited to: (a) all
securities, investments, insurance policies, funds, real estate, automobiles,
jewelry and other assets, stating the location of each; and (b) any and all
accounts, including all funds held in such accounts, with any bank,
brokerage or other financial institution held by, in the name of, or for the
benefit of the Receivership Defendant, directly or indirectly, or over which
it maintained or maintains and/or exercised or exercises any direct or
indirect control, or in which it had or has a direct or indirect beneficial
interest, including the account statements from each bank, insurance
company, insurance broker, brokerage or other financial institution;

B.     Identifying every account at every bank, brokerage, insurance or other
financial institution: (a) over which the Receivership Defendant has
signatory authority; and (b) opened by, in the name of, or for the benefit
of, or used by, the Receivership Defendant;

C.     Identifying all credit, bank, charge, debit or other deferred payment card
issued to or used by the Receivership Defendant, including but not limited
to the issuing institution, the card or account number(s), all persons or
entities to which a card was issued and/or with authority to use a card, the
balance of each account and/or card as of the most recent billing
statement, and all statements for the last twelve months;

D.   Of all assets received by the Receivership Defendant from any person or entity, including the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Defendant, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, bondholders, the securities they purchased, the life expectancy guarantee bonds they purchased, the date and amount of their investments or bond purchases, the underlying insurance policies, and the current location of such funds;

G.   Of all expenditures exceeding $1,000 made by the Receivership Defendant, including those made on its behalf by any person or entity; and

H.   Of all transfers of assets made by the Receivership Defendant.

11.   Within thirty (30) days of the entry of this Order, the Receivership Defendant shall provide to the Receiver and the Commission copies of the Receivership Defendant's federal income tax returns for January 1, 2004 to the present with all relevant and necessary underlying documentation.

12.   The individual Receivership Defendant and the entity Receivership Defendant's past and/or present officers, directors, agents (including its Managing General Agent Dessarrollos Comerciales Ronim), attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendant, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendant. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure. The Receiver shall be mindful of the limitation set forth in Section XV, below, in exercising the Receiver's powers conferred in this paragraph.

13.     To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.     The Receivership Defendant is required to assist the Receiver in fulfilling his duties and obligations.  As such, it must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV. Access to Books, Records and Accounts

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts, insurance policies, joint venture interests (including the DMD joint venture) or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendant.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

16.     The Receivership Defendant, as well as its agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendant, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendant are hereby directed to deliver the same to the Receiver, his agents and/or employees.

17.     All banks, brokerage firms, financial institutions, insurance companies, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendant that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

     A.     Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;

B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.   Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### V. Access to Real and Personal Property

18.   Subject to the limitation set out in Section XV, below, the Receiver is authorized to take immediate possession of all personal property of the Receivership Defendant, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, insurance policies records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

19   The Receiver is authorized to take immediate possession of all real property of the Receivership Defendant, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

20.   In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have

exclusive control of the keys. The Receivership Defendant, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendant, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. Notice to Third Parties

23.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he

deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendant shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Defendant, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendant. The Receivership Defendant shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendant shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under

any insurance policy held or controlled by or issued on behalf of the Receivership Defendant, or

its officers, directors, agents (including its Managing General Agent Desarrollos Comerciales

Ronim), employees or trustees, and to take any and all appropriate steps in connection with such

policies.

## VII.  Injunction Against Interference with Receiver

29.     The Receivership Defendant and all persons receiving notice of this Order by

personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or

indirectly taking any action or causing any action to be taken, without the express written

agreement of the Receiver, which would:

      A.    Interfere with the Receiver's efforts to take control, possession, or
management of any Receivership Property; such prohibited actions
include but are not limited to, using self-help or executing or issuing or
causing the execution or issuance of any court attachment, subpoena,
replevin, execution, or other process for the purpose of impounding or
taking possession of or interfering with or creating or enforcing a lien
upon any Receivership Property;

      B.    Hinder, obstruct or otherwise interfere with the Receiver in the
performance of his duties; such prohibited actions include but are not
limited to, concealing, destroying or altering records or information;

      C.    Dissipate or otherwise diminish the value of any Receivership Property;
such prohibited actions include but are not limited to, releasing claims or
disposing, transferring, exchanging, assigning or in any way conveying
any Receivership Property, enforcing judgments, assessments or claims
against any Receivership Property or the Receivership Defendant,
attempting to modify, cancel, terminate, call, extinguish, revoke or
accelerate (the due date of), any lease, loan, mortgage, indebtedness,
security agreement or other agreement executed by any Receivership
Defendant or which otherwise affects any Receivership Property; or,

      D.    Interfere with or harass the Receiver, or interfere in any manner with the
exclusive jurisdiction of this Court over the Receivership Estates.

30.     The Receivership Defendant shall cooperate with and assist the Receiver in the

performance of his duties.

31.     The Receiver shall promptly notify the Court and SEC counsel of any failure or

apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. Stay of Litigation

32.     As set forth in detail below, the following proceedings, excluding the instant

proceeding and all police or regulatory actions and actions of the Commission related to the

above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy
> proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other
> actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any
> Receivership Property, wherever located; (c) the Receivership Defendant, including
> subsidiaries and partnerships and its Managing General Agent Desarrollos Comerciales
> Ronim; or, (d) any of the Receivership Defendant's past or present officers, directors,
> managers, agents, or general or limited partners sued for, or in connection with, any
> action taken by them while acting in such capacity of any nature, whether as plaintiff,
> defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are
> hereinafter referred to as "Ancillary Proceedings").

33.     The parties to any and all Ancillary Proceedings are enjoined from commencing

or continuing any such legal proceeding, or from taking any action, in connection with any such

proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any

jurisdiction thereof are enjoined from taking or permitting any action until further Order of this

Court.   Further, as to a cause of action accrued or accruing in favor of one or more of the

Receivership Defendant against a third person or party, any applicable statute of limitation is

tolled during the period in which this injunction against commencement of legal proceedings is

in effect as to that cause of action.

## IX. Managing Assets

35.     For the Receivership Estate, the Receiver shall establish one or more custodial

accounts at a federally insured bank to receive and hold all cash equivalent Receivership

Property (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of

Provident Capital Indemnity, Ltd." together with the name of the action.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

40.     Subject to the limitation set out in Section XV, below, the Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and

statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendant shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, and to the requirement in Section XV below, of prior consent of counsel for the SEC and the Department of Justice (DOJ) for foreign actions and communications with foreign authorities, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel and the United States Department of Justice, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, and to the requirement in Section XV below, of prior consent of counsel for the SEC and the Department of Justice (DOJ) for foreign actions and communications with foreign authorities, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendant was conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit

and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC and DOJ before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendant.

45.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI. Bankruptcy Filing

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendant. If the Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate the Receivership Estate as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for the Receivership Defendant and may therefore file and manage a Chapter 11 petition. *See*, In re Bayou Group, LLC, 564 F.3d 541, 548-49 (2nd Cir. 2009).

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing the Receivership Defendant in bankruptcy proceedings.

## XII. Liability of Receiver

48.     Within 14 days after January 21, 2011, the Receiver shall post a surety bond, or demonstrate why a surety bond is unnecessary. SEC counsel shall file a statement of position as to whether the Receiver should be required to post a surety bond.

49.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

50.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

51.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII. Recommendations and Reports

52.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

54.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the

report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

55.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.     A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their claims;

G.     The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.     The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV.  Fees, Expenses and Accountings

57.     Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain
Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary
course of the administration and operation of the receivership.  Further, prior Court approval is
not required for payments of applicable federal, state or local taxes.

58.     Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit
persons and entities ("Retained Personnel") to assist him in carrying out the duties and
responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel
without first obtaining an Order of the Court authorizing such engagement.

59.     The Receiver and Retained Personnel are entitled to reasonable compensation and
expense reimbursement from the Receivership Estate as described in the "Billing Instructions for
Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the
"Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior
approval of the Court.

60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver
and Retained Personnel shall apply to the Court for compensation and expense reimbursement
from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to
filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC
a complete copy of the proposed Application, together with all exhibits and relevant billing
information in a format to be provided by SEC staff.

61.     All Quarterly Fee Applications will be interim and will be subject to cost benefit
and final reviews at the close of the receivership.  At the close of the receivership, the Receiver
will file a final fee application, describing in detail the costs and benefits associated with all
litigation and other actions pursued by the Receiver during the course of the receivership.

62.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of

the amount of fees and expenses for each application filed with the Court. The total amounts

held back during the course of the receivership will be paid out at the discretion of the Court as

part of the final fee application submitted at the close of the receivership.

63.     Each Quarterly Fee Application shall:

    A.     Comply with the terms of the Billing Instructions agreed to by the
Receiver; and,

    B.     Contain representations (in addition to the Certification required by the
Billing Instructions) that: (i) the fees and expenses included therein were
incurred in the best interests of the Receivership Estate; and, (ii) with the
exception of the Billing Instructions, the Receiver has not entered into any
agreement, written or oral, express or implied, with any person or entity
concerning the amount of compensation paid or to be paid from the
Receivership Estate, or any sharing thereof.

64.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

### XV.   Prior Consent of SEC and DOJ to Actions in Foreign Countries

Notwithstanding any other provision of this Order, the Receiver will consult with counsel

for the SEC and DOJ and obtain the consent of SEC and DOJ counsel before retaining counsel in

a foreign jurisdiction, seeking to naturalize the Receivership in a foreign country, communicating

with foreign governmental and regulatory authorities, taking possession of personal or real

property in a foreign country, or investigating, prosecuting or commencing any action in a

foreign court.

IT IS SO ORDERED, this 21ˢᵗ day of _January_, 2011, at [City, State]

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

SECURITIES AND EXCHANGE COMMISSION,　§
　　　　　　　　　　　　　　　　　§
　　　　　　　　Plaintiff,　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　v.　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
PROVIDENT CAPITAL INDEMNITY, LTD.,　§　　CIVIL ACTION NO.
MINOR VARGAS CALVO, AND　　　　§　　3:11-CV-00045-REP
JORGE L. CASTILLO,　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　Defendants,　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　and　　　　　　　　§
　　　　　　　　　　　　　　　　　§
DESARROLLOS COMERCIALES RONIM, S.A.,　§
　　　　　　　　　　　　　　　　　§
　　　　　　Relief Defendant.　　　§

## ORDER

Before the Court is the Receiver's Motion to Modify Order Appointing Receiver (the "Motion"), and it appearing that the Motion has merit and should be granted; it is therefore,

ORDERED that the Motion be, and hereby is, GRANTED; and it is further

ORDERED that the Order Appointing Receiver, entered on January 21, 2011, (Docket No. 8) (the "Receivership Order") is hereby modified by substituting the following provision for paragraph 1 of the Receivership Order –

"This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants:  Provident Capital Indemnity, Ltd., Minor Vargas Calvo, Jorge L. Castillo, and Relief Defendant Desarrollos Comerciales Ronim S.A. (collectively, the "Receivership Defendants"), as well as all Receivership Assets, Recoverable Assets, Receivership Property, and the Receivership Estate, as those terms are defined herein, together with all records of any kind of the Receivership Defendants."

Exhibit B

It is so ORDERED.

_____    REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: _February 4_, 2011

Any affected defendant and
the Relief Defendant may at any time
move for amendment or modification
of this Order.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 3:11-CV-00045-JAG |
| | ) |
| PROVIDENT CAPITAL INDEMNITY, LTD., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on the motion filed by the Receiver requesting authority to appear on behalf Provident Capital Indemnity, Ltd. in any criminal prosecution of Provident Capital Indemnity, Ltd., and to compromise and settle such matters as appropriate by, including but not limited to, the entry of a plea of guilty. The Court is of the opinion that the motion is well taken and GRANTS the same.

It is the ORDER of the Court that, under Paragraph 7(k) of the Order of Receiver Appointment (Docket No. 8), the Receiver is authorized to appear on behalf Provident Capital Indemnity, Ltd. in any criminal prosecution of Provident Capital Indemnity, Ltd., and to compromise and settle such matters by, including but not limited to, the entry of a plea of guilty, if the Receiver deems such a plea appropriate in consideration with other provisions of the order of appointment.

It is further ORDERED that the Clerk of the Court is directed to send, via United States Mail, a copy of this Order to Defendants Provident Capital Indemnity, Ltd., Minor Vargas, Jorge Castillo, and Desarrollos Comerciales Ronim, S.A.

EXHIBIT C

1 of 2

It is so ORDERED.

_____ /s/
John A. Gibney, Jr.
United States District Judge

John A. Gibney
United States District Judge

Richmond, Virginia
Date: _____ 4/10/12 , 2012